1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    William Thweatt,                    )    No. CIV 05-2005-PHX-MHM
                                         )
10            Plaintiff,                 )    **ORDER**
                                         )
11   vs.                                 )
                                         )
12                                       )
     Law Firm of Koglmeier, Dobbins, Smith)
13   & Delgado, P.L.C., et al.,          )
                                         )
14            Defendants.                )
                                         )
15   _____)

16

17          Plaintiff commenced this action by filing a verified class action complaint asserting

18   a claim for relief under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§

19   1692, et seq. (Doc. 1). The complaint and summons have been served on Defendants. (Doc.

20   2-5). Plaintiff filed an amended complaint on July 28, 2005 (Doc. 9). On the same date as

21   Plaintiff filed the amended complaint, Defendants filed a motion to dismiss the case. (Doc.

22   10). Plaintiff has filed a response in opposition to Defendants' motion to dismiss (Doc. 13)

23   and Defendants have filed a reply. (Doc. 14). Plaintiff also has filed a motion for entry of

24   document preservation order. (Doc. 6). Defendants have not filed a response to this motion.

25          Defendants appear to be contending that the complaint should be dismissed based on

26   Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief. When reviewing a motion to

27   dismiss under Rule 12(b)(6), the Court accepts the allegations in the complaint as true and

28   construes them in the light most favorable to the plaintiff. Sosa v. Hiraoka, 920 F.2d 1451,

1   1455 (9th Cir. 1990).  The Court must draw all reasonable inferences in favor of the non-

2   moving party.  <u>Salim v. Lee</u>, 202 F. Supp. 2d 1122, 1125 (C.D. Cal. 2002).  Dismissal is

3   proper "only if it appears beyond doubt that the plaintiff can prove no set of facts in support

4   of his claim which would entitle him to relief."  <u>Gibson v. United States</u>, 781 F.2d 1334,

5   1337 (9th Cir. 1986). "Dismissal can be based on the lack of a cognizable legal theory or the

6   absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica</u>

7   <u>Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  "The issue is not whether a plaintiff's success

8   on the merits is likely but rather whether the claimant is entitled to proceed beyond the

9   threshold in attempting to establish his claims." <u>De La Cruz v. Tormey</u>, 582 F.2d 45, 48 (9th

10  Cir. 1978).  The Court must determine whether or not it appears to a certainty under existing

11  law that no relief can be granted under any set of facts that might be proved in support of

12  plaintiff's claims.  <u>Id</u>.

13       Generally, a complaint that has been amended pursuant to Fed.R.Civ.P. 15(a)

14  "supersedes the pleading it modifies, rendering the original pleading void." <u>Datastorm</u>

15  <u>Technologies, Inc. v. Excalibur Communications, Inc.</u>, 888 F. Supp. 112, 114 (N.D. Cal.

16  1995). Plaintiff's amended complaint has added community property allegations.  A date left

17  blank in the original complaint was filled in on the amended complaint.  These amendments

18  do not affect the defects addressed in Defendants' motion to dismiss.  The Court therefore

19  will consider the motion to dismiss as directed at the first amended complaint.  <u>Id</u>., at 114

20  (noting that "to do otherwise" in such circumstances "would exalt form over substance").

21        Plaintiff alleges in the first amended complaint that on or about May 10, 2005,

22  Defendants "caused to be delivered upon Plaintiff a Summons for Forcible/Special Detainer

23  and Complaint Forcible/Special Detainer..."  and that "[t]he amount sought to be recovered

24  ... was rent incurred by Plaintiff for personal, family, or household purposes." (first amended

25  complaint at ¶¶ 19-20).  Plaintiff further alleges that "[w]ithin five days of having" these

26  papers "delivered to Plaintiff, Defendants did not send Plaintiff a written notice containing

27  the verification language required by 15 U.S.C. § 1692g(a)." (<u>id</u>., at ¶ 25). Plaintiff contends

28

1    that Defendants' conduct violated the FDCPA, 15 U.S.C. §§ 1692 et seq., in the following

2    manner:

3                    failure to include in the initial communication or by sending
                    written notice within five days of the initial communication the
4                    verification language required by 15 U.S.C. § 1692g(a), in
                    violation of 15 U.S.C. § 1692g(a);
5
6                    failure to properly inform the consumer as to the consumer's
                    rights for debt verification in a manner that was not reasonably
                    calculated to confuse or frustrate the least sophisticated
7                    consumer, in violation of 15 U.S.C. § 1692e; and

8                    utilizing a collection communication in an attempt to collect a
                    consumer debt that was unfair and represented a deceptive debt
9                    collection practice in violation of 15 U.S.C. § 1692e.

10   (id., at ¶ 37).

11        Defendants contend in their motion to dismiss that service of the complaint and

12   summons in the state court action and referenced in the first amended complaint's allegations

13   does not constitute an "initial communication" within the meaning of the FDCPA and

14   therefore Plaintiff has "no justiciable cause of action" under the FDCPA.  Defendants cite

15   in support of their argument Vega v. McKay, 351 F.3d 1334, 1337 (11th Cir. 2003), in which

16   the Court of Appeals for the Eleventh Circuit held that a complaint and summons do not

17   constitute an "initial communication" within the meaning of the FDCPA.

18        Plaintiff has responded in opposition by contending that Thomas v. Law Firm of

19   Simpson & Cybak, 392 F.3d 914 (7th Cir. 2004), should guide this Court's consideration of

20   the issue.  In that case, plaintiff Thomas was notified by GMAC that the payment on his

21   vehicle was past due.  Approximately two months later, GMAC, through its attorneys, sued

22   Thomas in state court to recover the vehicle.  The complaint included a statement that, under

23   the FDCPA,  the law firm was a debt collector attempting to collect a debt.  Thomas

24   subsequently filed suit in federal court under the FDCPA, claiming that neither party in the

25   state court action had sent him a debt validation notice advising him of his rights as a debtor

26   under 15 U.S.C. § 1692g(a).  The Court of Appeals for the Seventh Circuit reversed the

27   district court's ruling dismissing the case, holding that the service of a summons and

28

1  complaint by a debt collector constitutes an "initial communication" under the FDCPA. Id.,

2  at 921.

3        Under the FDCPA, "[w]ithin five days after the initial communication with a

4  consumer in connection with the collection of any debt," a debt collector must send the

5  debtor written validation notice containing certain information. 15 U.S.C. § 1692g(a). The

6  information must include the amount of the debt and name of the creditor and advise that the

7  debt will be assumed valid if the debtor does not dispute its validity within 30 days of the

8  receipt of the notice. § 1692g(a)(1)-(3). The notice must also include a statement that if the

9  debtor disputes the debt within the 30-day period, the debt collector will obtain and send the

10  debtor verification of the debt. The debt collector further is required to send to the debtor,

11  upon written request, the name and address of the current creditor if different from the

12  original creditor. § 1692g(a)(4)-(5). Under the FDCPA, "communication" is defined broadly

13  to mean "the conveying of information regarding a debt directly or indirectly to any person

14  through any medium." 15 U.S.C. § 1692a(2).

15        The courts that have considered whether service of a summons and complaint

16  constitute an "initial communication" under the FDCPA are not in agreement on the issue.

17  Compare, Vega v. McKay, 351 F.3d at 1337 (a summons and complaint are not initial

18  communication triggering the debt validation notice of § 1692g(a)); and McKnight v.

19  Benitez, 176 F. Supp. 2d 1301, 1308 (M.D. Fla. 2001)(same), with Thomas, 392 F.3d at

20  921(summons and complaint served in a state court action constitute an "initial

21  communication" under the FDCPA); and Senftle v. Landau, 390 F. Supp. 2d 463, 472 (D.

22  Md. 2005)("a court summons and complaint may constitute an 'initial communication' under

23  § 1692a(2), at least when service of those pleadings precedes all other communications to

24  a debtor relative to a given debt"). The parties have not cited a case decided by a court

25  within the geographic area of the Ninth Circuit that has addressed this issue.

26        In Thomas, the Seventh Circuit discussed several reasons why a summons and

27  complaint should be considered an "initial communication" under the FDCPA. For example,

28  service of a summons and complaint as an "initial communication" was consistent with the

1    intent of the drafters of the statute, noting that the statute was intended to "protect consumers

2    from a host of unfair, harassing, and deceptive debt collection practices." Id., at 917.  The

3    Seventh Circuit also reasoned that, "to except the service of pleadings from the definition of

4    'communication' would erode the § 1692g requirement to inform debtors of their validation

5    rights; debt collectors could avoid their obligations to advise debtors of their validation rights

6    altogether by initiating litigation." Id., at 918.  The appellate court considered the defendants'

7    argument that such an interpretation would interfere with litigation by making debt collection

8    lawsuits more cumbersome for attorneys but determined that such concerns were insufficient

9    based on various reasons and practical considerations discussed in the opinion.  The Seventh

10   Circuit distinguished the holding in Vega because it relied in part on non-binding

11   commentary issued by the Federal Trade Commission ("FTC").  The Seventh Circuit noted

12   that the FTC in an Advisory Opinion letter issued in 2000 had indicated that "[i]n light of

13   Heintz, the Commission concludes that, if an attorney debt collector serves on a consumer

14   a court document 'conveying information regarding a debt,' that court document is a

15   'communication' for purposes of the FDCPA."  Id., at 920 (citing Federal Trade Commission

16   - Staff Opinion Letter of March 31, 2000, at 3).  This Advisory Opinion letter had issued in

17   light of Heintz v. Jenkins, 514 U.S. 291 (1995), which held that the FDCPA applies to

18   lawyers who regularly attempt to collect debts through litigation and which rejected concerns

19   that such an interpretation would interfere with debt collection lawsuits.

20        Defendants attempt to distinguish Thomas by arguing that the attorney defendants in

21   that case were "debt collectors" as defined under the FDCPA. Defendants additionally

22   contend that the landlord/debtor's initial communication was ignored by the tenant/consumer

23   and the landlord, through its attorney, the Defendants in the instant case, filed a summons

24   and complaint to regain possession of the property. Defendants argue that they had a

25   fiduciary obligation to represent the landlord's interest and that 15 U.S.C. § 1692a(6)(F)(i)

26   excludes as a debt collector "any person collecting or attempting to collect a debt owed or

27   due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona

28   fide fiduciary obligation. ..."

1    Defendants' argument based on § 1692a(6)(F)(i) was raised for the first time in their

2    reply.  The Court in its discretion has declined to consider it since Plaintiff has not had an

3    opportunity to present argument in response.  See, Sanchez v. City of Santa Ana, 915 F.2d

4    424, 430 (9th Cir. 1990)(issues raised for the first time in reply brief generally are not

5    addressed).  Moreover, Plaintiff has alleged in the first amended complaint that "Defendants

6    are 'debt collectors' as defined by the FDCPA, 15 U.S.C. § 1692a(6)."  (first amended

7    complaint at ¶ 17). The parties can proceed with discovery on this issue as the case

8    progresses.

9    The present issue before the Court is whether the summons and complaint served in

10    the state court action may be considered an "initial communication" under the FDCPA.  The

11    Court finds persuasive the rationale discussed in Thomas and related cases. Defendants'

12    motion to dismiss the first amended complaint is denied.

13    Plaintiff has filed a motion for entry of an order preserving documents in the

14    possession of Defendants.  (Doc. 6).  Defendants have not filed a response to this motion.

15    Counsel for the parties are directed to meet and confer no later than April 14, 2006 in an

16    effort to agree on the terms of a protective order and submit a proposed protective order to

17    the Court for approval.  If the parties are unable to agree on any of the terms of a proposed

18    protective order, counsel shall promptly notify the Court and a  hearing will be set to resolve

19    the dispute.

20    **Accordingly,**

21    **IT IS ORDERED** that Defendants' motion to dismiss the first amended complaint

22    (Doc. 10) is denied.

23    **IT IS FURTHER ORDERED** that Plaintiff's motion for document preservation order

24    (Doc. 6) is denied without prejudice.

25    **IT IS FURTHER ORDERED** that counsel for the parties shall meet and confer no

26    later than April 14, 2006 in an effort to agree on the terms of a protective order and submit

27    a proposed protective order to the Court for approval.  If the parties are unable to agree on

28

1  any of the terms of a proposed protective order, counsel shall promptly notify the Court and

2  a  hearing will be set to resolve the dispute.

3       **IT IS FURTHER ORDERED** that Defendants shall file and serve a responsive

4  pleading to the first amended complaint within fifteen (15) days of the filing date of this

5  Order.

6       DATED this 21st day of March, 2006.

Mary H. Murguia
United States District Judge